**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **DOUGLAS SCZYGELSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 11-2236 (RMC)** |
| | ) | |
| **UNITED STATES OFFICE OF** | ) | |
| **SPECIAL COUNSEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____ )

**MEMORANDUM OPINION**

Plaintiff Douglas Sczygelski was terminated from his position with U.S. Customs
and Border Protection in 2008 during his probationary period because he sent hundreds of
unsolicited letters to newspapers, college students, and others espousing his belief that African
Americans are genetically inferior. Proceeding *pro se*, he has filed a twenty-one count Third
Amended Complaint, Dkt. 20, against the U.S. Office of Special Counsel, a federal agency that
protects federal employees by investigating and prosecuting allegations of prohibited personnel
practices.  Mr. Sczygelski's Third Amended Complaint ("Complaint") challenges his termination
by Customs and Border Protection ("CBP") and the investigation thereof by the Office of Special
Counsel ("OSC"), which declined to prosecute his complaint on June 16, 2008.  Compl. at 3, 6.
Mr. Sczygelski summarizes his claims as follows:

> [B]y firing him in 2008, CBP violated 5 U.S.C. §§ 2301(b)(6),
> 2302(b)(10) and (b)(12), 7321, 7323(c), and 5 C.F.R. § 4.1.
> . . . Rule 6.11.2 of the CBP Standards of Conduct is
> unconstitutionally void for vagueness . . . .  By rejecting Plaintiff's
> complaints, OSC has erred in its interpretation of the law, violated
> the Plaintiff's constitutional right to equal protection of the laws,
> and unconstitutionally usurped the legislative branch's exclusive
> right to create laws.  Plaintiff also contends that OSC has refused

to investigate some of his complaints, and therefore he seeks writs
of mandamus under 28 U.S.C. § 1361 to force OSC to investigate.

*Id.*

Mr. Sczygelski's claims range from a challenge to 5 U.S.C. § 2301(b)(6)[1] as

violating the Equal Protection Clause, *id.* at 7, to a request that the Court declare that "OSC's

interpretations of [various statutes] are so bizarre . . . that they amount to an unconstitutional

usurpation by the executive branch of the legislative branch's exclusive right to create statutes,

and also violate Plaintiff's constitutional right to due process of law," *id.* at 19.

OSC moves to dismiss or, in the alternative, for summary judgment, Dkt. 21,

raising a number of arguments.  Most importantly for present purposes, OSC contends that Mr.

Sczygelski's claims are barred by *res judicata* and collateral estoppel.  Mem. Supp. Def. Mot.

Dismiss or Summ. J ("Def. Mem.") [Dkt. 21] at 11–17.[2]  According to OSC, *id.* at 11, "[Mr.

Sczygelski's] claims amount to nothing more than the contention that OSC was wrong when it

found that CBP did not violate laws when it terminated [him]. . . . This Court's resolution of [Mr.

Sczygelski's] claims requires inquiry into the propriety of CBP's 2008 termination and that issue

has already been adjudicated."  *See Sczygelski v. Customs & Border Protection Agency*

---

[1] 5 U.S.C. § 2301(b)(6) states that "Federal personnel management should be implemented
consistent with the following merit system principle[ ] . . . Employees should be retained on the
basis of the adequacy of their performance, inadequate performance should be corrected, and
employees should be separated who cannot or will not improve their performance to meet
required standards."

[2] OSC also asserts that the Court has no subject matter jurisdiction over the allegations made by
Mr. Sczygelski because the Civil Service Reform Act ("CSRA"), Pub. L. 95–454, 92 Stat. 111 *et
seq.* (codified as amended in scattered sections of 5 U.S.C.), "precludes judicial review of OSC's
determinations."  Def. Mem. at 17–22.  In addition, OSC argues that Mr. Sczygelski has failed to
state a claim for mandamus relief, *id.* at 22–24, and that all of Mr. Sczygelski's claims fail on the
merits, *id.* at 24–29.

(*Sczygelski I*), No. 2:08-cv-0075-RRE-KKK (D.N.D. filed July 21, 2008), *aff'd*, 419 F. App'x

680, *cert. denied*, 132 S. Ct. 857 (2011).

Mr. Sczygelski filed a lengthy opposition to OSC's motion.  *See* Pl. Opp. [Dkt.

24].  He argues that this suit against OSC is not precluded because "[a]bsolutely nothing that was

decided in *Sczygelski I* will have to be re-litigated in the present civil action."  Pl. Opp. Mem. at

15.  He asserts that the prior suit was "based on the fact that [he] was fired for no legitimate

reason," but the "current lawsuit is based on the fact that OSC has refused to give [him] a benefit

to which he is entitled.  Hence the 'nucleus of facts' is different."  *Id.* at 14.

## I. FACTS

Mr. Sczygelski was working as a probationary Agricultural Specialist for CBP

through a federal internship program when he was terminated in 2008 after the agency learned he

had sent "hundreds of unsolicited letters to college students expressing negative opinions about

African–Americans."  *See Sczygelski v. Customs & Border Protection Agency*, 419 F. App'x 680

(8th Cir. 2011).  These letters stated, *inter alia*, that "blacks, on average, are less intelligent than

whites, and the reason is genetic"; that "Thomas Jefferson thought blacks were a bunch of

idiots"; that there is "no school on earth where normal blacks do as well as normal whites"; and

that "every black-ruled country on Earth is a cesspool of poverty, violence, and AIDS."  Mem.

Opp. Pl. Mot. Summ. J. & Supp. CBP Mot. Summ. J., Ex. 16, *Sczygelski I* [Dkt. 53-7], at *2–3

(sample letter from Mr. Sczygelski).

In his CBP position, Mr. Sczygelski checked vehicles entering the U.S. for

contraband goods at a border crossing at the North Dakota/Canada border.  *See* Compl. at 1–2.

The publicity given to Mr. Sczygelski's letters caused concern at CBP because of its law

enforcement function and his job requirements that he deal with the public regularly and exercise

discretion.  *See* CBP Mot. Dismiss, Ex. 4, *Sczygelski I* [Dkt. 5-5], at *3 (CBP termination letter).

Mr. Sczygelski filed his first OSC complaint in May 2008, alleging that he had been fired for his political beliefs.[3]  Compl. at 3.  OSC decided not to proceed on Mr. Sczygelski's complaint because: (i) there was no information that Mr. Sczygelski was fired "based on [his] affiliation with any political party"; (ii) the "widespread distribution" of the letters would "have an adverse impact on the efficient functioning of" CBP, even though they were penned and mailed off-duty; and (iii) CBP's interest in promoting the efficiency of the public service outweighed Mr. Sczygelski's interests in publicizing his views.  Def. Mem., Ex. 2 [Dkt. 21-3] (May 22, 2008 Letter from Martha Sheth to Douglas Sczygelski) at 1–3.  Mr. Sczygelski appealed this decision but it was not changed.  Def. Mem., Ex. 4 [Dkt. 21-5] (June 16, 2008 final decision of OSC).  Second, third and fourth, and fifth complaints with variations not pertinent here, filed between June 2008 and March 2012, were also unsuccessful in convincing OSC to institute an action on Mr. Sczygelski's behalf.  Def. Mem. at 8–9 (citations to complaints and OSC records omitted).  Mr. Sczygelski also appealed to the Merit Systems Protection Board ("MSPB"), which rejected the appeal because it concluded that it lacked jurisdiction given that Mr. Sczygelski, a probationer, was not an "employee" under 5 U.S.C. § 7511(a)(1)(B).  *Sczygelski I*, [Dkt. 31], at *2 (D.N.D. Sept. 14, 2009) (order denying motion to dismiss and motion for default judgment).

Mr. Sczygelski then challenged his termination in the U.S. District Court for the District of North Dakota.  *Sczygelski*, 419 F. App'x. at 681.  As discussed in detail below, his complaint was found to have no merit and was dismissed.  *Id.*  Upon appeal to the Eighth Circuit,

---

[3] The OSC is an independent investigatory and prosecutorial agency that was created under the Civil Service Reform Act of 1978, Pub. L. 95-454, 92 Stat. 111 (Oct. 13, 1978).  It is responsible, in relevant part, for protecting current and former federal employees from prohibited personnel practices (PPPs), as identified in the CSRA.  OSC "investigate[s] [an allegation of a PPP] to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken."  5 U.S.C. § 1214(a)(1)(A).

the dismissal was affirmed. *Id.* The Supreme Court denied his petition for a writ of certiorari. 132 S. Ct. 857 (2011).

## II. LEGAL STANDARDS

### A.  Rule 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When reviewing a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (noting that federal courts are courts of limited jurisdiction and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction" (internal citations omitted)).

### B. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)
challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated
a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A
complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the
grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal
citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's
obligation to provide the grounds of his entitlement to relief  "requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The
facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule
8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3.
"[A] complaint needs *some* information about the circumstances giving rise to the claims."
*Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008)
(emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged
in the complaint, documents attached to the complaint as exhibits or incorporated by reference,
and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508
F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted). To survive a
motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a
claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff
pleads factual content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact."  *Twombly*, 550 U.S. at 555.  But a court need not accept as true legal conclusions set forth in a complaint.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 679.

## III. ANALYSIS

Mr. Sczgelski has already complained in federal court about his discharge from CBP in 2008, and all of his claims were found to have no merit and were dismissed.  While Mr. Sczgelski argues here that OSC is his target, the change of defendants does not resuscitate his litigated claims over his discharge.  Even if the Court had jurisdiction to review OSC's exercise of its discretion, which the Court does not,[4] prior court decisions on this very matter demonstrate the validity of OSC's conclusions.  Because this suit is so clearly barred by *res judicata*, the Court will not linger on its other infirmities.[5]

---

[4] In addition to *res judicata*, the Court also finds that the CSRA bars Mr. Sczgelski's claims.  *See Grosdidier v. Chairman, Broadcasting Bd. of Governors*, 560 F.3d 495, 497 (D.C. Cir. 2009) ("[T]he CSRA is the exclusive avenue for suit even if the plaintiff cannot prevail in a claim under the CSRA.").  Moreover, Mr. Sczgelski is not entitled to mandamus relief.  *See In re Medicare Reim. Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (providing that mandamus relief may be granted only where "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.").  Either of these reasons would also justify dismissing the Third Amended Complaint with prejudice.

[5] The Court has federal question jurisdiction over Mr. Sczgelski's statutory and constitutional claims.  *See* 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(b).

"[U]nder *res judicata,* 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action.'" *Drake v. FAA*, 291 F.3d 59, 66 (D.D.C. 2002) (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (emphasis added)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 947 (D.C. Cir. 1983). The Court applies a three-part test to determine whether *res judicata* applies:

> (1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case.

*Youngin's Auto Body v. Dist. of Columbia,* 711 F. Supp. 2d 72, 78 (D.D.C. 2010) (quoting *Patton v. Klein,* 746 A.2d 866, 869-70 (D.C. 1999)). Two cases "implicate the same cause of action [if] they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share the same nucleus of facts, the Court considers "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. Dist. of Columbia Court of Appeals,* 127 F.3d 72, 78 (D.C. Cir. 1997). "A privy is one so identified in interest with a party to the former litigation that he . . . represents precisely the same legal right in respect to the subject matter of the case – in other words, a person who or entity that is in privity with the party." *Wilson v. Fulwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011) (internal quotation marks and citation omitted).

Having reviewed the record of *Sczygelski I*, the Court finds that *res judicata* bars all of the claims Mr. Sczygelski asserts here. In *Sczygelski I*, the United States District Court for the District of North Dakota addressed three claims: "1) CBP violated his First Amendment right

to freedom of speech; 2) CBP's termination was illegal because he did not violate the Standards of Conduct since his statements were merely 'derogatory,' not 'invidious'; and 3) even if some disciplinary action was warranted, termination was grossly disproportionate." *Sczygelski I*, [Dkt. 31], at *3 (D.N.D. Sept. 14, 2009) (order denying motion to dismiss and motion for default judgment).  Noting that Mr. Sczygelski had not appealed the MSPB's decision that it had no jurisdiction because Mr. Sczygelski was a probationer and not an "employee" under the CSRA,[6] the district court dismissed all of Mr. Sczygelski's claims except his First Amendment claim for lack of subject matter jurisdiction. *Id.* at *2–5.  The district court later granted CBP's motion for summary judgment on the First Amendment claim, concluding that CBP had shown that "its interest in the efficient operation of the government agency outweigh[ed] [Mr. Sczygelski's] interest in free speech," given that the letters he sent "were likely to be disruptive because they would undermine the public's perception that CBP enforces the law fairly and without bias." *Sczygelski I*, [Dkt. 61], at *1–2, 5–9 (D.N.D. Aug. 16, 2010) (report and recommendation of magistrate judge); *report & recommendation adopted in full and objections overruled*, *Sczygelski I*, [Dkt. 69], at *2–3 (D.N.D. Sept. 15, 2010).  The district court also denied Mr. Sczygelski's motion to amend the judgment in an order that, *inter alia*, reaffirmed its rejection of jurisdiction over all non-constitutional claims. *Sczygelski I*, [Dkt. 74], at *1–3 (D.N.D. Oct. 22, 2010).

By unpublished *per curiam* decision, the Eighth Circuit affirmed the district court *in toto*. *See Sczygelski v. Customs & Border Protection Agency*, 419 F. App'x 680 (8th Cir. 2011).  The Eighth Circuit held that "the non-constitutional claims were properly dismissed, because the nature of Sczygelski's internship excluded him from the protections of [the CSRA],

---

[6] "Probationary employment is ordinarily considered employment at will." *E.g., Piroglu v. Coleman*, 25 F.3d 1098, 1104 (D.C. Cir. 1994) (citing, *inter alia*, *Wheaton v. Webb-Petett*, 931 F.2d 613, 619 (9th Cir. 1991)).

which in turn prevented him from obtaining judicial review of his termination." 419 F. App'x at

680. It also held that "summary judgment was proper on Sczygelski's First Amendment claim."

*Id.* at 681. Mr. Sczygelski petitioned the Supreme Court for a writ of certiorari and the Supreme

Court denied the petition. *See Sczygelski v. Customs & Border Protection Agency*, 132 S. Ct.

857 (2011).

   All three elements of *res judicata* are met here. *See Youngin's Auto Body*, 711 F.

Supp. 2d at 78. First, Mr. Sczygelski's discharge was adjudicated finally on the merits by the

district court and affirmed by the Eighth Circuit. Second, all claims concerning his discharge are

claims that were raised or might have been raised in *Sczygelski I*. This case and *Sczygelski I*

implicate the same cause of action because they share the "same nucleus of facts"—the 2008

termination. *See Drake*, 291 F.3d at 66. Correspondence between Mr. Sczygelski and OSC in

April 2012 and Mr. Sczygelski's other attempts to relitigate his claims before the OSC, *see*

Compl. at 5–6, 8, 10, do not change the analysis. These were merely repeated efforts to have

OSC "reopen" or "reconsider" its 2008 decision that there was no prohibited personnel practice

when he was fired by CBP. *Id.* at 4. But *Sczygelski I* held that the courts lacked jurisdiction over

OSC's decision and, thus, the basic argument has already been raised and rejected. *See*

*Mahmood v. Research in Motion Ltd.*, __ F. Supp. 2d __, No. 12 Civ. 899 (KBF), at *3

(S.D.N.Y. Oct. 25, 2012) ("*Res judicata* bars new claims out of the same transactions regardless

of whether they are winners or losers. A party's second bite at the apple may well be successful.

It will be barred under *res judicata* because the party already had one bite at the apple; not

because the second bite would necessarily taste the same (or be decided the same way) as the

first.").

Third, Mr. Sczygelski's attempt to recast his claims as targeting OSC and not CBP and his argument that he is raising new legal theories are "precisely what is barred by *res judicata.*"  *See Apotex, Inc. v. FDA*, 393 F.3d 210, 217-18 (D.C. Cir. 2004).  Mr. Sczygelski cannot avoid *res judicata* by naming OSC as the defendant here instead of CBP because "[t]he government, its officers, and its agencies are regarded as being in privity for claim-preclusive purposes."  *See Wilson v. Fullwood*, 772 F. Supp. 2d 246, 261 (D.D.C. 2011); *see also Sunshine Anthracite Coal v. Adkins,* 310 U.S. 381, 402-03 (1940) ("There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is *res judicata* in relitigation of the same issue between that party and another officer of the government.")

## IV. CONCLUSION

Because *res judicata* bars all of the claims Mr. Sczygelski advances, the Court will grant the motion to dismiss.  The Third Amended Complaint will be dismissed with prejudice. A memorializing Order accompanies this Memorandum Opinion.


DATE: March 1, 2013


                              _____/s/_____
                              ROSEMARY M. COLLYER
                              United States District Judge